UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Cause No. 2:09-cv-191-WTL-WGH ) |
| YAMAHA MOTOR CORPORATION U.S.A., | ) ) ) |
| Defendant. | ) |

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

Before the Court is the Defendant's Motion for Summary Judgment (Docket No. 11). The motion is fully briefed, and the Court being duly advised, **DENIES** the Defendant's motion for the reasons set forth below.

### I.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).  Finally, the non-moving party bears

the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

The Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), insured David and Erlinda Stones' residence in Vincennes, Indiana.  In June 2007, a fire at the Stones' residence caused severe damage.  Auto-Owners paid the Stones $208,667.86, to cover the losses arising from the fire.

In March 2009, the Stones filed suit against Yamaha Motor Corporation, U.S.A. ("Yamaha"), alleging that a defective Yamaha vehicle caused the June 2007 fire.[1]  Two months later, in May 2009, Auto-Owners also filed suit against Yamaha, seeking recovery of the $208,667.86, that it paid the Stones.

## III.  DISCUSSION

Yamaha asserts that it is entitled to summary judgment for two reasons.  First, according to Yamaha, "Auto-Owners' action is duplicative of a parallel action already pending in another federal court."  Def. Br. at 1.  Second, Yamaha asserts that Auto-Owners "cannot sue independently to enforce its subrogated claim until the Stones settle with or obtain a judgment against Yamaha."  *Id*. at 1-2.  Although Yamaha frames these as two separate grounds for summary judgment, in the Court's opinion they assert the same argument.  Essentially, Yamaha claims that Auto-Owners cannot file an independent suit seeking recovery for property damages

---

[1] The Stones' suit sought recovery for both personal injury and property damage caused by the fire.  *See David Stone et al. v. Yamaha Motor Corp., U.S.A.*, No. 2:09-cv-114-LJM-WGH (S.D. Ind. Mar. 30, 2009) (notice of removal).

arising out of the June 2007 fire until after the Stones' resolve their litigation over the same event.

Yamaha argues that the *Colorado River* abstention doctrine mandates that the Court enter judgment in the Defendant's favor. The Court disagrees. Although the Supreme Court emphasized the importance of avoiding duplicative litigation in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), the Court also stated that dismissal is only appropriate in limited circumstances. *Id*. at 819. In *Central States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 443 (7th Cir. 2000), the Seventh Circuit discussed the *Colorado River* doctrine and explained that application of a "mechanical rule under which the second [filed] action automatically is dismissed" was improper. The *Central States* court explained that "[w]hen comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." *Id*. at 444. "There is no 'first filed doctrine' requiring dismissal of all suits after the first." *Id.* The court concluded that "[o]utright dismissal is most like to be appropriate when . . . the same party has filed all of the suits." *Id*. at 445.

Here, the cases were filed by two separate parties – the Stones in one instance and their insurance company in another. Accordingly, a stay, and not dismissal or entry of summary judgment, would be appropriate. However, the Defendant never requests a stay. Thus, although the Court would entertain a Motion to Stay, absent such a request, at this juncture, the Court simply **DENIES** the Defendant's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Docket No. 11) is **DENIED**.

SO ORDERED: 03/16/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Jared Adam Harts
Frost Brown Todd LLC
jharts@fbtlaw.com

David M. Henn
McClure McClure Davis & Henn
dhenn@mmdhlaw.com

Jeffrey J. Mortier
Frost Brown Todd LLC
jmortier@fbtlaw.com