UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY ) | | |
| As subrogee of David Stone and Erlinda Stone, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 2:09-cv-191-WTL-WGH | |
| ) | | |
| YAMAHA MOTOR CORPORATION, U.S.A., ) | | |
| ) | | |
| Defendant. ) | | |

## ORDER ON AUTO-OWNERS'
## VERIFIED MOTION FOR SANCTIONS

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Auto-Owners Insurance Company's Verified Motion to Compel Settlement and for Sanctions.[1] (Docket No. 25). Defendant, Yamaha Motor Corporation, U.S.A., filed its Response on June 1, 2010. (Docket No. 27). A telephonic status conference was held on June 3, 2010, and at that conference the parties agreed that no further reply would be filed.

The Magistrate Judge, being duly advised, now makes the following findings of fact and conclusions of law:

---

[1]Based upon representations at the status conference held June 3, 2010, that the settlement agreement has now been completed, the Magistrate Judge **DENIES, as moot,** the Motion to Compel Settlement, but addresses the Motion for Sanctions.

## Findings of Fact

1. Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), issued a homeowners policy to David and Erlinda Stone ("the Stones"). They paid to the Stones the sum of $208,000 under that policy when a fire resulted in property damage at their residence. Auto-Owners brought this action (Cause No. 2:09-cv-191-WTL-WGH) alleging that a Yamaha scooter was unreasonably dangerous and caused the fire to occur.

2. David and Erlinda Stone also brought a second claim against Yamaha Motor Corporation ("Yamaha") in a separate lawsuit in Cause No. 2:09-cv-114-LJM-WGH. A dispute existed between the Stones and Yamaha as to whether the damages recoverable by the Stones in their separate action duplicated those damages sought by Auto-Owners in this action.

3. The parties conducted a telephonic status conference on January 4, 2010. Both this case and the Stones' case were set for a joint settlement conference on February 25, 2010. The order setting the settlement conference contained the following language:

> Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference *along with their counsel.* This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity. For a defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's own discretion,** a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower. . . . Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or

in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, **in counsel's sole discretion,** the client, client representative, or insurance company, as applicable, need not attend. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

* * * * *

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**

(Magistrate Judge's Order on Telephonic Status Conference, Docket No. 20)(emphasis in italics added.)

    4. Prior to the settlement conference, Auto-Owners had made a demand of $200,000 to resolve its claim.

    5. The Stones apparently had made no formal demand on Yamaha for the damages they allege were due to the Stones and which were losses not covered by the Auto-Owners policy. The Stones claimed to be entitled to recover for mental anguish for seeing the destruction of their property, increased future costs on their homeowners insurance policy with Auto-Owners, temporary housing for one year, loss of 10 to 12 years of equity in their home, and the necessity to obtain a new 30-year loan.

6.  In compliance with the court's order, Auto-Owners appeared by counsel and by company representative Paul Webb, who traveled from Michigan to Terre Haute, Indiana, to appear in person.

7.  Yamaha appeared by counsel, but did not appear by any company representative.  Yamaha's counsel did not attempt to contact either opposing counsel Mr. Henn or counsel Ms. Gilmore until the morning of February 25, 2010, to advise that he would be attending without a client representative.  By the time he attempted to call both counsel, they had left their offices and did not receive his message until they were en route to the settlement conference.

8.  Auto-Owners incurred travel costs of $200.20 and wages to Mr. Webb of $800.  (See Affidavit of Paul Webb).

9.  The settlement conference proceeded, and the parties were unable to reach a settlement at the time.  When the conference adjourned, the Magistrate Judge suggested to the parties a proposed settlement figure for all parties to consider.  The Magistrate Judge recommended that the parties settle the matter for $49,500, and asked that each counsel contact him with their decision on whether to accept or reject his recommendation within five business days.

10.  Yamaha declined to agree to the Magistrate Judge's recommendation.

11.  Thereafter the parties contacted the Magistrate Judge after his recommendation had been declined and indicated they wished to continue settlement negotiations.

12. Through a series of telephone calls, and by March 19, 2010, the parties had reached an agreement to resolve both the Stones' individual claims and Auto-Owners' claims for a total payment of an amount less than the Magistrate Judge's recommendation.

## Analysis

In this district, and in this circuit, it is well-settled that a district court may convene a conference under Rule 16 to discuss settlement. *See Fed.R.Civ.P. 16* and S.D. Ind. Local Rule 16.1(c). To effectuate settlement conferences, and to avoid undue expense from conducting such settlement conferences when attended by persons who have no real authority to resolve the matter, trial courts do have the power to require attendance by a person with settlement authority. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648 (7th Cir. 1989).

Settlement conferences held by this Magistrate Judge are intended to be serious attempts to settle the case. At least four hours of time is devoted to the conference. The parties who appear engage in a mediation-type proceeding in which their positions on liability and damages are articulated to each other and clarified. The parties can receive from the Magistrate Judge important information, including jury verdict information and recent relevant decisions written by district judges involved in the ultimate resolution of the claim.

It is the rare circumstance in which a case can be settled where all parties to a litigation are not present in person. That is why the order setting the

settlement conference provides: "Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference along with their counsel." As with any general rule, there can be limited circumstances in which an exception can be made to the attendance of the corporate representative. In limited circumstances, trial counsel who has been fully authorized to commit the client to pay or accept in settlement the amount last proposed by the opponent in counsel's sole discretion may relieve the client from attendance. However, under Local Rule 16.1, "[p]rior to all court conferences, counsel shall confer to prepare for the conference."

It is very difficult for a Magistrate Judge or mediator to conduct a mediation and to suggest compromise to one party present while the other side is only present by their trial counsel. This dynamic does not carry the appearance of fairness. It is also extremely unusual for trial counsel to be granted the full discretion to accept an amount last proposed by an opponent which is outside parameters previously determined by the client to be acceptable to the client. In those few circumstances in which it has been suggested that trial counsel has "full authority," it is almost always the case that trial counsel will "as a courtesy" contact the client before settling the claim. It is rare that this purported courtesy is truly just a courtesy.

In the facts before the court, defendant's counsel did not notify the opposing parties that the client would not be appearing prior to the time

opposing counsel left their offices and until the morning of the settlement conference. As a result, the conference was held under the circumstance in which the plaintiff's representatives appeared without any notice that Yamaha's representative would not appear. In the rare circumstance where it is logistically difficult to have an appropriate representative present, it is counsel's obligation to notify opposing counsel well in advance of the settlement conference to determine whether the conference could proceed under those circumstances, or whether it needs to be rescheduled. In this case, defendant's counsel's failure to contact opposing counsel prior to the date of the conference was in violation of the Local Rules. The Magistrate Judge believes that Auto-Owners incurred travel costs of Two Hundred Dollars and Twenty Cents ($200.20) that should be reimbursed to Auto-Owners because of defendant's failure to attend by an appropriate representative. The request to pay Mr. Webb for his wages is denied because it appears that given the total settlement paid in this case, defendant's counsel had sufficient authority to commit to that figure. Because the case was ultimately resolved shortly after the settlement conference, the court concludes that Mr. Webb's time was not wasted in this case or not appropriately spent to resolve it.

## Conclusion

Therefore, the Magistrate Judge **GRANTS, in part,** Auto-Owners Insurance Company's Verified Motion for Sanctions to the extent of Two

Hundred Dollars and Twenty Cents ($200.20) and directs payment of that sanction to Auto-Owners within fifteen (15) days of the date of this order.

The practice of attending settlement conferences without an appropriate client is explicitly discouraged from this point forward.  If a particularly difficult logistical problem arises with the client's attendance, counsel *must,* pursuant to Local Rule 16.1, seek permission from opposing counsel.  If opposing counsel does not agree, a motion seeking permission should be filed sufficiently in advance of the conference to allow opposing counsel to file an objection.

The parties are **ORDERED** to file their stipulation of dismissal within ten (10) days of the date of this order.

**SO ORDERED.**

**Dated:**  August 25, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jared Adam Harts
GOLITKO LEGAL GROUP, P.C.
jh@golitkolegal.com

David M. Henn
MCCLURE MCCLURE DAVIS & HENN
dhenn@mmdhlaw.com

Jeffrey J. Mortier
FROST BROWN TODD LLC
jmortier@fbtlaw.com